**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                              Case No.:  3:13-cr-60-J-32PDB

JAMES D. KASPER,

      Defendant.
_____/

**ORDER**

This case is before the Court on Defendant James Kasper's "Petition for Audita Querela." (Doc. 81). Defendant is serving a 240-month term of imprisonment for production of child pornography. (Doc. 59). He asks the Court to reduce his sentence based on Amendment 801 to the United States Sentencing Guidelines, which amended several guidelines provisions related to child pornography offenses. Defendant states that Amendment 801 neither creates a cognizable claim under 28 U.S.C. § 2255, nor is it retroactive such that it would authorize a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). The United States has responded (Doc. 85), and Defendant filed a reply (Doc. 86).

Audita querela is an extraordinary common law writ that may provide post-conviction remedies where relief is not otherwise cognizable. United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005). "'The All Writs Act is a residual

source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.'" United States v. Terry, 758 F. App'x 888, 889 (11th Cir. 2019) (quoting Pa. Bureau of Corr. v. U.S. Marshals Serv., 474 U.S. 34, 43 (1985)). "Courts should only recognize common-law writs in a criminal context when necessary to plug a gap in the system of federal postconviction remedies." Id. (internal quotation marks omitted) (citing Holt, 417 F.3d at 1175).

Thus, where relief is cognizable under another framework, such as 28 U.S.C. § 2255 or 18 U.S.C. § 3582(c), a federal prisoner may not use a writ of audita querela to mount a collateral attack. See Holt, 417 F.3d at 1175.

> Here, there [is] no gap to plug. A federal statute, 18 U.S.C. § 3582(c)(2), specifically provides a framework for challenges based on amendments to the Sentencing Guidelines. The statute permits a federal court to reduce the sentence of "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). This is precisely the sort of claim [Defendant] is trying to bring. The existence of this statutory provision renders [Defendant] ineligible for a writ of audita querela.

Terry, 758 F. App'x at 889–90. Therefore, Defendant's petition for writ of audita querela is properly construed as a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). "Under § 3582(c)(2), however, a court may only grant a sentence reduction on the basis of a Guidelines amendment that the Sentencing

2

Commission has expressly given retroactive effect." <u>Terry</u>, 758 F. App'x at 890. The Sentencing Commission has not given retroactive effect to Amendment 801. <u>See</u> U.S.S.G. § 1B1.10(d). Thus, Defendant's request for relief under § 3582(c)(2) must be denied. That Defendant cannot <u>succeed</u> under § 3582(c)(2) – given that Amendment 801 is not retroactively applicable – does not make relief under § 3582(c)(2) "unavailable," such that he can proceed under a writ of audita querela. <u>See</u> <u>Terry</u>, 758 F. App'x at 890; <u>see also</u> <u>United States v. Valdez-Pacheco</u>, 237 F.3d 1077, 1080 (9th Cir. 2001) (A "prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs."). Accordingly, Defendant's "Petition for Audita Querela" (Doc. 81) is **DENIED**.

    **DONE AND ORDERED** at Jacksonville, Florida this 27th day of October, 2020.

*[signature: Timothy J. Corrigan]*

TIMOTHY J. CORRIGAN
United States District Judge

lc 19

Copies:
Counsel of record
Pro se defendant

3